**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**JONATHAN MCKINNEY**                                             **CIVIL ACTION**

**VERSUS**                                                                        **NO. 14-2988**

**MARLIN N. GUSMAN, ET AL.**                               **SECTION "E"(3)**

## REPORT AND RECOMMENDATION

Plaintiff, Jonathan McKinney, a state pretrial detainee, filed this civil action pursuant to 42 U.S.C. § 1983 against Sheriff Marlin N. Gusman, Warden Bonita J. Pittman, and Sergeants Weaver, West, Gibson, Dorsey, and Jimison.  In this lawsuit, plaintiff challenges the conditions of his confinement within the Orleans Parish Prison system.

To better understand the factual bases of plaintiff's claims, the Court held a Spears hearing on February 24, 2015.  See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).  "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998).  The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed. R. Civ. P. 12(e) motion for more definite statement.  Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996).  Spears hearing testimony becomes a part of the total filing by the *pro se* applicant.  Id.

## I.  Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks

redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. §

1915A(a).[1]  Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any
> portion of the complaint, if the complaint –
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief
>> may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit,

federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the
> court shall dismiss the case at any time if the court determines that ... the action or
> appeal –
>
>> (i) is frivolous or malicious;
>> (ii) fails to state a claim on which relief may be granted; or
>> (iii) seeks monetary damages against a defendant who is immune
>> from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact."  Reeves v. Collins, 27

F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the

Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory,

but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those

---

[1]  "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is
accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or
the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C.
§ 1915A(c).

claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint[2] and fully considering his Spears hearing testimony, the undersigned recommends that, for the following reasons, the complaint be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

## II. Plaintiff's Claims

In his complaint, plaintiff stated his claims as follows: "There's mildew and rust causing me to be sick. All officials as Defendants are responsible for not issueing [sic] cleaning supplies."[3] He

---

[2]    The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[3]    Rec. Doc. 6, p. 4.

further alleged that the prison has "standing water, flooded toilets and sinks, vermin infestation, and dank air" and a "prolonged lack of sanitation."[4]  Lastly, he alleged that "[i]nmates literally masturbate and prepare and serve food with no gloves, hair nets, or any type of mask to stop saliva springing from their mouth while talking," thereby placing other inmates at risk of contracting illnesses.[5]

At the Spears hearing, plaintiff testified that, contrary to the allegations in his complaint, inmates are given bleach after each meal to clean the facilities.

It is clear that "the Fourteenth Amendment prohibits the imposition of conditions of confinement on pretrial detainees that constitute punishment." Collins v. Ainsworth, 382 F.3d 529, 540 (5th Cir. 2004) (internal quotation marks omitted).  Nevertheless, the jurisprudence recognizes that the judiciary is ill equipped to micro-manage a jail's day-to-day operations, and federal courts are therefore loath to intervene when detainees complain of trivial inconveniences.  Further, such judicial restraint is appropriate because the federal constitution simply is not concerned with a *de minimis* level of imposition on pretrial detainees. Bell v. Wolfish, 441 U.S. 520, 539 n.21 (1979); Ruiz v. El Paso Processing Center, 299 Fed. App'x 369, 371 (5th Cir. 2008); Maddox v. Gusman, Civ. Action No. 14-2435, 2015 WL 1274081, at *3 (E.D. La. Mar. 19, 2015).  For the following reasons, it is apparent that plaintiff's complaints concern nothing more than *de minimis* inconveniences which do not constitute "punishment" or otherwise rise to the level of constitutional violations.

---

[4]      Rec. Doc. 6-1, p. 1.

[5]      Rec. Doc. 6-1, p. 2.

Obviously, there is a point beyond which a prison's conditions are so unsanitary as to render them unconstitutional.  See, e.g., Gates v. Cook, 376 F.3d 323, 338 (5th Cir. 2004) (confinement in "'extremely filthy' [cells] with crusted fecal matter, urine, dried ejaculate, peeling and chipping paint, and old food particles on the walls" was unconstitutional).  That said, it must be remembered that, although prisons should be reasonably clean, "[t]he Constitution does not require that prisons be completely sanitized or as clean or free from potential hazards as one's home might be."  McAllister v. Strain, Civ. Action No. 09-2823, 2009 WL 5178316, at *3 (E.D. La. Dec. 23, 2009); accord Talib v. Gilley, 138 F.3d 211, 215 (5th Cir. 1998) ("[T]he Constitution does not mandate prisons with comfortable surroundings or commodious conditions.").  Therefore, the fact that mildew and rust are present does not warrant relief.  See, e.g., Simmons v. Gusman, Civ. Action No. 14-1907, 2015 WL 151113, at *4 (E.D. La. Jan. 12, 2015); Penn v. Jones, Civ. Action No. 13-0830, 2014 WL 31351, at *2 (W.D. La. Jan. 2, 2014);  Mitchell v. Jefferson Parish Correctional Center, Civ. Action No. 13-4963, 2013 WL 6002770, at *6 (E.D. La. Nov. 12, 2013); Jones v. Catahoula Parish, No. 11-CV-861, 2012 WL 704105, at *5-6 (W.D. La. Jan. 18, 2012), adopted, 2012 WL 696268 (W.D. La. Feb. 29, 2012); Sneeze v. Terrebonne Parish Sheriff's Office, Civ. Action No. 11-987, 2011 WL 2413464, at *3 (E.D. La. May 9, 2011), adopted, 2011 WL 2311867 (E.D. La. June 10, 2011); Carter v. Strain, Civ. Action No. 09-15, 2009 WL 3231826, at *3 (E.D. La. Oct. 1, 2009); McCarty v. McGee, No. 2:06cv113, 2008 WL 341643, at *3 (S.D. Miss. Feb. 5, 2008).  The same is true of the allegedly "dank air" at the Orleans Parish Prison.  White v. Gusman, Civ. Action No. 14-2131, 2014 WL 6065617 (E.D. La. Nov. 12, 2014).

Likewise, the mere presence of vermin and pests does not amount to a constitutional violation.  See, e.g., Harrison v. Cox, Civ. Action No. 12-cv-1813, 2013 WL 620799, at *5 (W.D.

La. Jan. 16, 2013), adopted, 2013 WL 622399 (W.D. La. Feb. 15, 2013); Clark v. Gusman, Civ. Action No. 11-2673, 2012 WL 1825306, at *5 (E.D. La. Mar. 29, 2012), adopted, 2012 WL 1825302 (E.D. La. May 18, 2012).

Plaintiff's complaints concerning the plumbing problems fare no better.  The Constitution simply does not protect inmates from "life's occasional inconveniences" of that type.  See Holloway v. Gunnell, 685 F.2d 150, 156 (5th Cir. 1982).  As a result, "[l]leaky toilets and puddles are unpleasant but not unconstitutional."  Smith v. Melvin, No. 95-2531, 1996 WL 467658, at *2 (7th Cir. July 26, 1996); accord Davis v. St. Charles Parish Correctional Center, Civ. Action No. 10-98, 2010 WL 890980, at *9 (E.D. La. Mar. 8, 2010); Wilkerson v. Champagne, Civ. Action No. 03-1754, 2003 WL 22872106, at *3 (E.D. La. Nov. 28, 2003).

Plaintiff's claims concerning the food service practices likewise fail.  Although plaintiff speculates that the manner in which the food is served at the jail could cause serious harm, he does not allege that he (or, for that matter, any other inmate) has actually ever been harmed by the food service.  "[W]ithout an allegation of resulting harm, complaints regarding food service practices simply are not of constitutional dimension." Gabriel v. Gusman, Civ. Action No. 10-1688, 2010 WL 3169840, at *6 (E.D. La.  July 16, 2010), adopted, 2010 WL 3175045 (E.D. La. Aug. 10, 2010); accord Billizone v. Jefferson Parish Correctional Center, Civ. Action No. 14-2594, 2015 WL 966149, at *8 (E.D. La. Mar. 4, 2015); Hawkins v. Gusman, Civ. Action No. 10-1178, 2011 WL 1527218, at *4 (E.D. La. Apr. 1, 2011), adopted, 2011 WL 1527021 (E.D. La. Apr. 20, 2011); Spurlock v. Gusman, Civ. Action No. 10-991, 2010 WL 2102829, *7 (E.D. La. May 5, 2010), adopted, 2010 WL 2102825 (E.D. La. May 25, 2010).

Lastly, out of an abundance of caution, the Court notes that, at the <u>Spears</u> hearing, plaintiff stated that he suffered chest pains, back pains, and heartburn, all of which he attributes to being exposed to the rust and mildew at the jail.  He further stated that he submitted sick call requests for those conditions but received no medical care.  However, to the extent that the foregoing testimony could be construed as an additional claim for inadequate medical care, that claim should likewise be dismissed for the following reasons.

First, plaintiff has not named a proper defendant with respect to a medical claim.  There is no suggestion that any of the named defendants played any role in denying plaintiff medical care. Moreover, none of them work in the jail's medical department, and, although Gusman and Pittman hold supervisory positions within the Orleans Parish Prison system, they cannot be held liable pursuant to 42 U.S.C. § 1983 under any theory of strict liability[6] or vicarious liability.[7]

Second, the Court notes that it ordered the Orleans Parish Sheriff's Office to produce copies of plaintiff's medical and grievance records, which have since been filed into this federal record.[8] Although those records reflect that plaintiff requested and received treatment for *other* medical issues, such as shoulder pain from an old gunshot wound and mental illness, they contain no sick

---

[6]     <u>Harris v. Greer</u>, 750 F.2d 617, 618 (7th Cir. 1984) ("[T]here is no concept of supervisor strict liability under section 1983."); <u>see also</u> <u>Jenkins v. Wood</u>, 81 F.3d 988, 994 (10th Cir. 1996); <u>Evans v. Gusman</u>, Civ. Action No. 08-703, 2008 WL 2223281, at *2 (E.D. La. May 23, 2008); <u>Castillo v. Blanco</u>, Civ. Action No. 07-215, 2007 WL 2264285, at *5 (E.D. La. Aug. 1, 2007).

[7]     <u>Thompkins v. Belt</u>, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." ); <u>see also</u> <u>Oliver v. Scott</u>, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability."); <u>Evans</u>, 2008 WL 2223281, at *2.

[8]     Rec. Doc. 13.  Copies were also provided to plaintiff for his use in this action.

7

call requests concerning chest pains, back pains, or heartburn.  Similarly, though plaintiff filed several grievances, including ones regarding the need for medical care for his mental illness, the records contain no grievances concerning an alleged denial of medical care for chest pains, back pains, or heartburn.

<u>**RECOMMENDATION**</u>

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[9]

New Orleans, Louisiana, this fourteenth day of April, 2015.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[9] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.